# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2013

Lyle W. Cayce
Clerk

No. 12-11064
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO A. FLORES,

Defendant-Appellant

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 25 2013
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-97-1

Before JOLLY, DeMOSS and ELROD, Circuit Judges.

PER CURIAM:*

Marco A. Flores appeals his 96-month sentence following his guilty-plea conviction to one count of possession of visual depictions of a minor engaged in sexually explicit conduct. He argues that the district court erred in applying a five-level enhancement to his Sentencing Guidelines offense level under U.S.S.G. § 2G2.2(b)(3)(B) because there is insufficient evidence to show that he knowingly distributed child pornography as required for the imposition of the § 2G2.2(b)(3)(B) enhancement.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's interpretation and application of the Guidelines de novo and its factual determinations for clear error. *United States v. Rodriguez-Mesa*, 443 F.3d 397, 401 (5th Cir. 2006). The undisputed evidence shows that Flores had the necessary technological understanding of the peer-to-peer file sharing software to use the software to obtain images of child pornography. The evidence also shows that he had this software on his computer for more than a year and understood the nature of peer-to-peer file sharing, including the limitations imposed for not sharing files. We hold that the district court did not err in applying a five-level enhancement under § 2G2.2(b)(3)(B). This court has upheld the application of the enhancement in cases presenting facts similar to those at issue here. *See United States v. Desadier*, 495 F. App'x 501, 503 (5th Cir. 2012); *United States v. Onken*, 440 F. App'x 304, 305 (5th Cir. 2011); *United States v. Moore*, 328 F. App'x 308, 309 (5th Cir. 2009). Although these cases are not binding precedent, they are persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.